IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:17-CR-222 |
| | ) | |
| v. | ) | Honorable Liam O'Grady |
| | ) | |
| WILLIAM S. WILSON, and | ) | Trial: October 15, 2018 |
| also known as "Bill," and | ) | |
| MATTHEW KEKOA LUMHO, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S SPECIAL REPORT TO THE COURT
REGARDING DISCOVERY**

The United States of America, by and through undersigned counsel, respectfully submits this report to the Court regarding a significant discovery issue that has just come to the government's attention.

As this Court is well aware, the discovery in this case has been voluminous, and involves hundreds of thousands of pages of records that have been obtained from a variety of sources, including voluntary document productions, grand jury subpoena returns, Inspector General subpoena returns, materials recovered during the execution of search warrants, and documents provided by governmental agencies. Prior to indictment in this case, the government also had obtained Outlook data files (also known as .pst files) for the official work email account of defendant MATTHEW KEKOA LUMHO. After the government received copies of those files, they were forwarded to information technology staff members not involved in the prosecution of this matter so that the data could be screened for potential privilege or *Garrity*-tainted materials.

1

The prosecution team believed, incorrectly, that those materials had since been uploaded to its discovery management tool and produced to the defense.  (The materials already produced in discovery do contain thousands of emails from defendant LUMHO's work email account; those already-produced materials had been obtained from the image of LUMHO's work laptop, as well as from the subpoena returns and informal document requests from numerous other third parties.)

As this Court is aware, after LUMHO testified on Friday, October 26, 2018, the prosecution team sought and received approval to review any potentially *Garrity*-tainted materials on the grounds that LUMHO had testified regarding the interviews in question, and thereby waived any privilege he might have had as to those interviews.  After receiving this Court's approval, over the weekend government counsel assigned to this case began reviewing original source materials that they had not previously reviewed, including the original .pst files from LUMHO's work email account.  As the assigned counsel reviewed those files, they discovered that there were numerous emails that do not appear to have been produced in discovery.

More specifically, the original .pst files obtained from LUMHO's work account include a total of approximately 17,823 items (which figure includes emails, attachments to emails, calendar entries, and notes).  At this stage, the government is still attempting to determine how many of these items are duplicative of emails that already have been produced in discovery from other sources (including the emails already produced to the defense that were recovered from LUMHO's work laptop, and emails from third parties that may duplicate the emails contained on the .pst files).  Shortly after learning of this fact, the government notified all defense counsel by

email.

The government is still attempting to determine whether and to what extent these emails are relevant to the charges or defenses at issue or to any of the testimony already given by the witnesses at trial. But given the volume of materials and their recent discovery by the prosecution team, the undersigned counsel are not presently in a position to advise the Court or defense counsel as to the significance of any of these items.

The government therefore respectfully asks that this Court continue the trial in this matter until such time as all parties have had an opportunity to review the materials in question and to report to the Court as to what significance, if any, the materials have, and as to what an appropriate remedy would be. Until that time, the government further recommends that the Court instruct the current jury to refrain from discussing or conducting any research on the trial, and to set a date that the jury return for continued evidence and deliberations, in the event that this Court determines that such a course of action would be appropriate.

                                        Respectfully submitted,

                                        G. Zachary Terwilliger
                                        United States Attorney

By:       /s/
                Matthew Burke
                Samantha P. Bateman
                Assistant United States Attorneys
                Eastern District of Virginia
                Counsel for the United States of America
                United States Attorney's Office
                2100 Jamieson Avenue
                Alexandria, VA 22314
                Tel.: (703) 299-3700
                Fax:  (703) 299-3981
                Email: Matthew.Burke@usdoj.gov
                         Samantha.Bateman@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/
Matthew Burke
Assistant United States Attorney