IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　) 　CASE NO. 1:17cr222
　　　　　　　　　　　　　　　　　　　)
WILLIAM S. WILSON, et al　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants　　　　　　　　)

## O R D E R

The Court heard argument on Defendants LumHo and Wilson's, by counsel,

Motion to Dismiss the Superseding Indictment, or Alternatively, Motion for Mistrial of all counts

(Dkt. 152). These motions were made after the Government, on October 28, 2018, notified

defense counsel and the Court on the eve of closing arguments to the jury, following a two-week

trial, that it had located approximately 17,000 documents not previously produced. The Court

continued the trial for two weeks to allow the Government to assess and produce this additional

discovery and for the Defendants to discern any prejudice.

All parties submitted their positions in writing prior to the November 9 hearing,

and after the argument the Court made the following in-court, oral assessment of the status of the

case. Importantly, the Court learned that there were actually up to 32,000 estimated documents

that the Government had failed to produce, and that the Defendants had unsurprisingly no ability

to review that many documents during the two-week break, despite their best efforts and the best

efforts of the Government to produce them in a searchable format.

Second, a review of a small sample of the documents demonstrated that some had

evidence favorable to the Defendants, and their production was necessary under *Brady v.*

*Maryland*, 373 U.S. 83 (1963).

Third, that the Government had found further inculpatory evidence against Defendant LumHo, which they agreed they would not use if the trial continued unless LumHo testified inconsistently with the newly discovered discovery.   The Court considered this and determined that this new evidence, if known about before trial, may have resulted in Defendant LumHo deciding not to testify.   This is an incurable decision if the trial was resumed.

Fourth, that the Defendants' trial strategy and opening statements would have been different if even the small sample of documents had been known.

Each of these factors require the Court to declare a mistrial and release the jury.

The Defendants' Motion to Dismiss the Indictment over the failure to timely produce the additional documents is denied.  This error occurred by unintentional mistake.  The explanation given by the Government, that a taint team had reviewed these documents separately and that the documents had mistakenly not been reintegrated into the very large document production, is entirely believable.  There is no evidence to the contrary.

This inadvertent mistake, although most unfortunate to the Defendants who have sought the resolution of their cases, does not rise to a level of conduct meriting dismissal of the indictment. *United States v. Borokinni*, 748 F.2d 236, 238 (4th Cir. 1984); *United States v. Derrick*, 163 F.3d 799, 809 (4th Cir. 1998).

For the reasons provided, and for good cause, it is therefore **ORDERED** that the Court declares a mistrial pursuant to F. R. C. P. 26.3.

It is so **ORDERED**.

_____  /s/
Liam O'Grady
United States District Judge

November 14, 2018
Alexandria, Virginia